# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. MANTER,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-01070-DAD-EPG<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT; OR,<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON THE COMPLAINT, SUBJECT TO FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

On August 5, 2019, Plaintiff, Michael Manter, appearing *pro se* and *in forma pauperis*, commenced this action under 28 U.S.C. § 1983, alleging claims against the Fresno County Police Department and City Hall of Fresno. (ECF No. 1.) The Court has screened the Complaint and has determined that Plaintiff fails to state any cognizable claims.[1]

## I. LEGAL STANDARD

### A. Screening

Under 28 U.S.C. § 1915(e)(2), in any case in which a plaintiff is proceeding *in forma*

---

[1] Plaintiff indicates in his complaint that he has dyslexia and is incapable of reading or writing. However, Plaintiff appears to have access to someone to assist him in this matter.

1

*pauperis*, the Court must conduct a review of the complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

**B. <u>Section 1983</u>**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658,

691, 695 (1978).

"Local governing bodies… can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where… the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690 (footnote omitted).

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are action[s] for which the municipality is actually responsible." *Connick v. Thompson*, 563 U.S. 51, 60–61 (2011) (internal citations and quotations omitted) (alteration in original).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

///

## II. PLAINTIFF'S ALLEGATIONS

The Complaint alleges that Defendants have violated Plaintiff's First Amendment rights to free exercise of religion, freedom of speech, and petition the government for redress of his grievances; have violated Chapter 73 of Title 18 of the United States Code; have denied Plaintiff his rights under the Sixth Amendment; and have denied Plaintiff his rights under the Equal Protection Clause of the Fourteenth Amendment by exhibiting bias toward Plaintiff on account of race and religion. (ECF No. 1 at 8.)

As far as factual allegations, in the section of the Complaint titled "Statement of Claim," Plaintiff alleges:

> On July 23rd of 2019, 2.600 Fresno Street Room 1030, City of Fresno, Fresno, CA 93721-3612. I was denied the Right to bring a Partition of Grievance of Redress, First Amendment Right. Obstruction of Justice by Fresno PD. They destroyed evidence July 9th, 2019, 2600 Fresno Street, Room 1030, City of Fresno, Fresno, CA 93721-3612 I was denied my Right to bring Partition of Grievance of Redress, First Amendment Right. The claims filed those days involved Sexual Assault, Assault and Battery, Harassment and Sexual Harassment and Torture for the last 5 years. Hate crimes, abridging my Freedom of Speech, making fun of me for talking about Video Games and stopping me from defending my life, from three Mexicans. Making fun of me for being Christian and making a cure for death. And telling me that being a Christian was like being a Vampire.

(ECF No. 1 at 10.)[2]

In the section of the Complaint titled "Amount in Controversy," Plaintiff alleges: "The harassment has been going on since Keith Foster pointed his gun at me for reporting an officer who threatened to kill me for being a White Boy, estimated around 5 years ago." (ECF No. 1 at 9. Finally, in the section of the complaint titled "Relief," Plaintiff alleges the following:

> On the 4th of August 2019 I have a picture of an officer with an assault rifle harassing me for talking about Video Games, yelling at me, "Whats Your Problem." I was standing on my Mother's Property and I told him, "I don't Know and I'm bringing a Federal Case for cops harassing and torturing me for talking about Video Games". And I said, "Did you know that cops kill kids?" and he put his hand up in my face and said, "this is where the Conversation ends." I said, "That's fine, Have a Good Day."

---

[2] Plaintiff also provides as "Evidence" internet website links to what he alleges are "news articles of different officers harassing and sexually harassing and torturing me and photos of officers who sexually assaulted me," and "Cops trying to KILL me." (ECF No. 1 at 10.)

(ECF No. 1 at 11.)

**III. DISCUSSION**

**A. <u>Claim for Violation of Chapter 73 Title 18 of the United States Code</u>**

Plaintiff alleges that Defendants violated Chapter 73 of Title 18 of the United States Code. Title 18 of the United States Code sets out criminal offenses and criminal punishments. *See* Title 18 U.S.C. Ch. 73. Plaintiff, as a private citizen, lacks standing to enforce any violation of these criminal statutes. *See Robertson v. U.S. ex rel. Watson*, 560 U.S. 272, 278 (2010) ("Our entire criminal justice system is premised on the notion that a criminal prosecution pits the government against the governed, not one private citizen against another."); *Glassey v. Amano Corp.*, 2006 WL 889519, at *3 (N.D. Cal. Mar. 31, 2006) ("Private parties generally lack standing to enforce federal criminal statutes."), *aff'd*, 285 Fed. Appx. 426 (9th Cir. 2008). Accordingly, Plaintiff cannot state a cognizable claim for violation of these criminal statutes.

**B. <u>Claims Against Fresno Police Department and Fresno City Hall</u>**

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). Instead, a governmental entity may be held liable under § 1983 only where a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights. *Id.* ("Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

To state a claim for governmental entity liability under § 1983, a plaintiff must allege facts demonstrating "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citation omitted; alterations in original).

Plaintiff does not allege facts demonstrating that his constitutional rights were violated; that the Fresno Police Department or Fresno City Hall had a policy or custom that amounts to

deliberate indifference to Plaintiff's constitutional rights, or that the policy or custom was a moving force behind the constitutional violation. Plaintiff has thus failed to state a cognizable § 1983 claim against either the Fresno Police Department or Fresno City Hall.

## IV. LEAVE TO AMEND

The Court finds that the Complaint does not state any cognizable claim under § 1983 and is thus subject to dismissal. *See* Fed. R. Civ. P. 8(a) (complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief).

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will grant Plaintiff the opportunity to file an amended complaint curing the deficiencies in the Complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Below, the Court provides some legal standards that might be of assistance to Plaintiff in deciding whether to file an amended complaint. The Court does not know if all of these claims apply to Plaintiff's situation, but they appear related to what Plaintiff is trying to say.

### A. First Amendment Right to Free Exercise of Religion

The Free Exercise Clause of the First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. . . ." U.S. Const. amend I.

To state a claim for violation of the right to the free exercise of religion, a plaintiff must allege facts demonstrating (1) that the defendant acted under color of state law, and (2) that the defendant deprived him of his rights secured by the Free Exercise Clause.

A law burdening the exercise of religion generally does not violate the Free Exercise Clause if it is a "neutral law of general application." *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1030-31 (9th Cir. 2004). If a law is generally applicable "and is not targeted at religion, it is subject only to rational basis scrutiny, even though it may have an incidental effect of burdening religion," meaning that the law need only be "rationally related to a legitimate governmental interest." *Id.* at 1031. If, however, the "law is not neutral or generally applicable, but is directed toward and burdens the free exercise of religion," the law must meet

the strict scrutiny test, meaning that the law must be "narrowly tailored to advance a compelling government interest." *Id.* A law lacks neutrality if either the text of the law or the operation of the law targets a specific religious group or practice. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1130-31 (9th Cir. 2009).

### B. First Amendment Right of Freedom of Speech

The Freedom of Speech Clause of the First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech. . . ." U.S. Const. amend. I.

To state a claim for a violation of the First Amendment Freedom of Speech Clause, a plaintiff must allege facts demonstrating that the defendant's actions "deterred or chilled" the plaintiff's protected speech and that "such deterrence was a substantial or motivating factor" in the defendant's conduct. *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1300 (9th Cir. 1999).

To state a claim for retaliation in violation of the First Amendment, a plaintiff must allege facts demonstrating (1) that the plaintiff engaged in constitutionally protected activity, (2) that "the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity," and (3) that "the protected activity was a substantial or motivating factor in the defendant's conduct." *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006). "If the plaintiff establishes the elements of a retaliation claim, the government can escape liability by showing that it would have taken the same action even in the absence of the protected conduct." *Id.* (internal quotations and citations omitted).

### C. First Amendment Right to Petition Government for Redress of Grievances

The Petition Clause of the First Amendment provides that "Congress shall make no law . . . abridging . . . the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I.

A plaintiff may state a claim for violation of the First Amendment right to petition the government by alleging facts demonstrating either that a government actor directly interfered with the plaintiff's right to present a grievance, or that a government actor imposed restrictions on the plaintiff's ability to present a grievance that had a "chilling effect" on the citizen's exercise of

that right. *See O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir.1996) (citing *Laird v. Tatum*, 408 U.S. 1, 11 (1972)). "Further, an unconstitutional chill will only exist if the government action has injured the individual or places the individual in immediate danger of sustaining a direct injury." *Id.* Thus, a plaintiff must also allege facts demonstrating that he was actually injured as a result of the government actor's conduct or that the conduct placed the plaintiff in immediate danger of sustaining a direct injury. *Id.*

### D. **Substantive Due Process: Conduct that Shocks the Conscience**

"In *Rochin v. California,* [342 U.S. 165, 169 (1952),] the Supreme Court held that some conduct by governmental officials 'offends those canons of decency and fairness which express the notions of justice of English-speaking peoples.'" *Fontana v. Haskin*, 262 F.3d 871, 881 (9th Cir. 2001). "Since then, behavior by officials that 'shocks the conscience' has been held to deprive liberty in violation of the due process clause of the Fourteenth Amendment." *Id.* "Under the Fourteenth Amendment's substantive due process prong, we use the 'shocks the conscience' test." *Id.* at 881 n.7. (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). "The threshold question is 'whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (quoting *County of Sacramento*, 523 U.S. at 848 n.8).

However, where a specific constitutional right provides a source of protection against certain types of governmental conduct, claims alleging such conduct must be analyzed as a violation of the specific constitutional right rather than as a violation of the more generalized right to substantive due process. *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996). Thus, as discussed next, if the conduct at issue occurred during a seizure of the plaintiff by a governmental actor, the claim must be brought under the Fourth Amendment.

### E. **Fourth Amendment**

Where a plaintiff has been seized by the police, a claim of inappropriate conduct by an officer, such as harassment or sexual assault, "is better seen as a Fourth Amendment claim." *Fontana*, 262 F.3d at 881 & n.6 (citing *Reed v. Hoy*, 909 F.2d 324, 329 (9th Cir. 1990) ("[C]laims arising before or during arrest are to be analyzed exclusively under the [F]ourth

[A]mendment's reasonableness standard rather than the substantive due process standard. . . ."). Thus, for example, "sexual harassment by a police officer of a criminal suspect during a continuing seizure is analyzed under the Fourth Amendment" rather than under the due process clause of the Fourteenth Amendment. *Id.* at 881-82.

> Assessing the Constitutionality of police action during a seizure involves "a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." In traditional excessive force cases, we consider the severity of the crime at issue, the threat that the suspect poses to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting flight. Although the excessive force test is a useful analog, it is not directly applicable to assess the type of behavior alleged in this case, because there can be no "countervailing governmental interest" to justify sexual misconduct. "[W]here there is no need for force, *any* force used is constitutionally unreasonable." Of course, not every truthful allegation of sexual bodily intrusion during an arrest is actionable as a violation of the Fourth Amendment. Some bodily intrusions may be provably accidental or *de minimis* and thus constitutionally reasonable. However, we need not define the precise contours of the bodily intrusion test under the Fourth Amendment, because if the facts are as [the plaintiff] has alleged, this case involved an unreasonable seizure.
>
> Gratuitous and completely unnecessary acts of violence by the police during a seizure violate the Fourth Amendment." *Id.* at 880 (citing *McDowell v. Rogers*, 863 F.2d 1302, 1307 (6th Cir.1988) ("[O]ur court has repeatedly found that a totally gratuitous blow with a policeman's nightstick may cross the constitutional line, and ... we do not believe that a serious or permanent injury is a prerequisite to a claim under Section 1983." (internal quotation marks and citations omitted)); *cf. P.B. v. Koch*, 96 F.3d 1298, 1303 n. 4 (9th Cir.1996) (finding that if the Fourth Amendment did govern, a high school principal's arbitrary assaults on his students were objectively unreasonable "since there was no need for force").

*Fontana*, 262 F.3d at 880 (some citations omitted).

**F. Sixth Amendment**

The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend VI.

To bring a civil action for damages for violation of the Sixth Amendment, a plaintiff must first allege facts demonstrating that he was subjected to a criminal prosecution and that either the prosecution terminated in his favor or his conviction has been overturned. *See Heck v. Humphrey*,

512 U.S. 477, 486-87 (1994) (To recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated.); *Valdez v. Rosenbaum*, 302 F.3d 1039, 1049 (9th Cir. 2002) (Sixth Amendment claim not cognizable in civil rights action because the claim would necessarily imply the invalidity of the plaintiff's conviction; Sixth Amendment claim must instead be asserted in a petition for writ of habeas corpus).

Second, a plaintiff must allege facts demonstrating that he was denied of one or more of his rights under the Sixth Amendment—to a speedy and public trial, to an impartial jury of the State and district where the crime was committed, to be informed of the nature and cause of the accusation, to confront the witnesses against him, to compulsory process for obtaining witnesses in his favor, or to the assistance of counsel for his defense. *See* U.S. Const. amend VI.

### G. **Equal Protection**

"'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon [plaintiff's] membership in a protected class.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Where the governmental action is 'facially neutral,' proof of its disproportionate impact on an identifiable group can satisfy the intent requirement only if it tends to show that some invidious or discriminatory purpose underlies the policy." *Id.* (citing *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-66 (1977)). An equal protection claim can be brought by a "'class of one,' where the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.*

### V. **CONCLUSION AND ORDER**

The Court finds that the Complaint fails to state any cognizable claims under § 1983 upon which relief may be granted. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court provides Plaintiff

with time to file an amended complaint curing the deficiencies identified above. *See Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty (30) days, if he chooses to do so.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this lawsuit or adding unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *see Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, *see* Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff may also choose to stand on the Complaint, in which case the Court will issue findings and recommendations to the assigned district court judge recommending that the case be dismissed for failure to state a claim.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;

2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:19-cv-01070-DAD-EPG;

3. Alternatively, within **thirty (30) days** from the date of service of this order, Plaintiff may notify the Court that he wishes to stand on the Complaint, subject to this Court issuing findings and recommendations to the assigned district court judge recommending that the case be dismissed for failure to state a claim; and

4. If Plaintiff fails to file an amended complaint or notify the Court that he wishes to stand on the Complaint within thirty (30) days from the date of service of this order, the Court

will issue findings and recommendations to the assigned district court judge recommending that the case be dismissed for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: __**October 11, 2019**__     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE