# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. MANTER,<br><br>                Plaintiff,<br><br>v.<br><br>FRESNO POLICE DEPARTMENT, *et al.*,<br><br>                Defendants. | Case No. 1:19-cv-01070-DAD-EPG<br><br>**FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br><br>(ECF Nos. 1, 5, 6)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS** |

      Plaintiff, Michael J. Manter, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On August 5, 2019, Plaintiff commenced this action by the filing of a Complaint alleging claims against the Fresno Police Department and the City Hall of Fresno. (ECF No. 1.) On October 15, 2019, the Court entered a screening order finding that the Complaint fails to state any claim upon which relief can be granted. (*Id.*) The Court gave Plaintiff thirty days from the date of service of the screening order to file an amended complaint or to notify the Court that he wishes to stand on the Complaint, subject to findings and recommendations to the district judge consistent with the screening order. (*Id.*) The Court also warned Plaintiff that failure to file an amended complaint or to notify the Court that he wishes to stand on the Complaint could result in the dismissal of this case. (*Id.* at 12-13.)

1

The thirty-day period has expired and Plaintiff has not filed an amended complaint or a notice that he wishes to stand on the Complaint. However, on November 7, 2019, Plaintiff filed a letter to the Court. (ECF No. 6.) This letter does not explicitly state that Plaintiff wishes to stand on the Complaint or file an amended complaint.[1] Nonetheless, out of an abundance of caution, the Court interprets Plaintiff's letter to include a notice to the Court that Plaintiff wishes to stand on the Complaint.

For the reasons described below, the Court recommends that this action be dismissed, with prejudice, for Plaintiff's failure to state a claim. Plaintiff may file objections to these findings and recommendations within twenty-one days from the date of service of this order.

## I. SCREENING REQUIREMENT

Under 28 U.S.C. § 1915(e)(2), in any case in which a plaintiff is proceeding *in forma pauperis*, the Court must conduct a review of the complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient

---

[1] Instead, the letter could be interpreted as a threat to the undersigned and her staff, stating such things as: "Go die you idol known as Court of Lady Justice," and "I will take this time to inform the court that no one who works for you and including yourself will not be getting my cure for death. I'll be happy when you all die, which is the fate of all humans beside Christians because of Jesus Christ and people like myself, the Elites. I go by the name Michael the Angel and have the right to Freedom of Religion to kill you by not letting you get my cure for death." (ECF No. 6.)

factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. PLAINTIFF'S ALLEGATIONS

The Complaint alleges that Defendants have violated Plaintiff's First Amendment rights to free exercise of religion, to freedom of speech, and to petition the government for redress of his grievances; have violated Chapter 73 of Title 18 of the United States Code; have denied Plaintiff his rights under the Sixth Amendment; and have denied Plaintiff his rights under the Equal Protection Clause of the Fourteenth Amendment by exhibiting bias toward Plaintiff on account of race and religion. (ECF No. 1 at 8.)

As far as factual allegations, in the section of the Complaint titled "Statement of Claim," Plaintiff alleges:

> On July 23rd of 2019, 2.600 Fresno Street Room 1030, City of Fresno, Fresno, CA 93721-3612. I was denied the Right to bring a Partition of Grievance of Redress, First Amendment Right. Obstruction of Justice by Fresno PD. They destroyed evidence July 9th, 2019, 2600 Fresno Street, Room 1030, City of Fresno, Fresno, CA 93721-3612 I was denied my Right to bring Partition of Grievance of Redress, First Amendment Right. The claims filed those days involved Sexual Assault, Assault and Battery, Harassment and Sexual Harassment and Torture for the last 5 years. Hate crimes, abridging my Freedom of Speech, making fun of me for talking about Video Games and stopping me from defending my life, from three Mexicans. Making fun of me for being Christian and making a cure for death. And telling me that being a Christian was like being a Vampire.

(ECF No. 1 at 10.)[2]

In the section of the Complaint titled "Amount in Controversy," Plaintiff alleges: "The harassment has been going on since Keith Foster pointed his gun at me for reporting an officer who threatened to kill me for being a White Boy, estimated around 5 years ago." (ECF No. 1 at 9. Finally, in the section of the complaint titled "Relief," Plaintiff alleges the following:

> On the 4th of August 2019 I have a picture of an officer with an assault rifle harassing me for talking about Video Games, yelling at me, "Whats Your Problem." I was standing on my Mother's Property and I told him, "I don't Know and I'm bringing a Federal Case for cops harassing and torturing me for talking about Video Games". And I said, "Did you know that cops kill kids?" and he put his hand up in my face and said, "this is where the Conversation ends." I said, "That's fine, Have a Good Day."

(ECF No. 1 at 11.)

## III. SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under

---

[2] Plaintiff also provides as "Evidence" internet website links to what he alleges are "news articles of different officers harassing and sexually harassing and torturing me and photos of officers who sexually assaulted me," and "Cops trying to KILL me." (ECF No. 1 at 10.)

4

color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

"Local governing bodies… can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where… the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690 (footnote omitted).

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are action[s] for which the municipality is actually responsible." *Connick v. Thompson*, 563 U.S.

51, 60–61 (2011) (internal citations and quotations omitted) (alteration in original).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

**IV.	DISCUSSION**

    **A.	<u>Claim for Violation of Chapter 73 Title 18 of the United States Code</u>**

Title 18 of the United States Code sets out criminal offenses and criminal punishments. *See* Title 18 U.S.C. Ch. 73. Plaintiff, as a private citizen, lacks standing to enforce any violation of these criminal statutes. *See Robertson v. U.S. ex rel. Watson*, 560 U.S. 272, 278 (2010) ("Our entire criminal justice system is premised on the notion that a criminal prosecution pits the government against the governed, not one private citizen against another."); *Glassey v. Amano Corp.*, 2006 WL 889519, at *3 (N.D. Cal. Mar. 31, 2006) ("Private parties generally lack standing to enforce federal criminal statutes."), *aff'd*, 285 Fed. Appx. 426 (9th Cir. 2008). Accordingly, Plaintiff cannot state a cognizable claim for violation of these criminal statutes.

### B. Claims Against Fresno Police Department and Fresno City Hall

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). Instead, a governmental entity may be held liable under § 1983 only where a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights. *Id.* ("Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

To state a claim for governmental entity liability under § 1983, a plaintiff must allege facts demonstrating "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citation omitted; alterations in original).

Plaintiff does not allege facts demonstrating that his constitutional rights were violated; that the Fresno Police Department or Fresno City Hall had a policy or custom that amounts to deliberate indifference to Plaintiff's constitutional rights, or that the policy or custom was a moving force behind the constitutional violation. Plaintiff has thus failed to state a cognizable § 1983 claim against either the Fresno Police Department or Fresno City Hall.

### V. LEAVE TO AMEND

The Court finds that the Complaint does not state any cognizable claim under § 1983 and is thus subject to dismissal. *See* Fed. R. Civ. P. 8(a) (complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief). Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Fed. R. Civ. Pl 15(a); *see Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

Here, the Court previously granted Plaintiff the opportunity to file an amended complaint curing the deficiencies in the Complaint and provided Plaintiff with legal standards to assist Plaintiff in doing so. (*See* ECF No. 5.) Plaintiff did not take advantage of that

7

opportunity and instead filed a letter with the Court. Nothing in this letter indicates that Plaintiff could cure the deficiencies in his original complaint. Accordingly, leave to amend should be denied.

**VI.    CONCLUSION AND RECOMMENDATIONS**

The Court finds that the Complaint fails to state any cognizable claim under the relevant legal standards. Further, Plaintiff has declined to take the opportunity to file an amended complaint seeking to cure the deficiencies in the Complaint identified by the Court in the screening order. (ECF No. 5.)

Accordingly, the Court HEREBY RECOMMENDS that:

1. Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), this action be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **November 21, 2019**            /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE